UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES T. O'CONNOR, | ) |
| Plaintiff, | ) 3:13-cv-00513-HDM-VPC |
| v. | ) **ORDER** |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) February 7, 2014 |

Before the court is plaintiff's application to proceed *in forma pauperis* (#1) and *pro se* complaint (#1-1).[1] The court has thoroughly reviewed the record and recommends that plaintiff's application to proceed *in forma pauperis* be granted, but that plaintiff's complaint be dismissed with leave to amend.

**I.     Plaintiff's Application to Proceed *In Forma Pauperis***

Based on the financial information provided with plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

**II.    Screening Pursuant to 28 U.S.C. § 1915**

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an [*in forma pauperis*] action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed *in forma pauperis*, whether or not the

---

[1] Refers to the court's docket number.

plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Plaintiff's Complaint

Plaintiff names the Social Security Administration as the defendant in this action (#1-1 at 2). Plaintiff has filed this lawsuit under 42 U.S.C. § 1983, however, it appears from the face of the complaint that plaintiff seeks judicial review of his disability determination. *Id.* at 3-4.

While the complaint is somewhat vague, it appears from the nature of the allegations that what plaintiff should have filed was not an action pursuant to 42 U.S.C. § 1983, but a complaint for judicial review concerning social security benefits pursuant to 42 U.S.C. § 405(g). *See Schweiker v. Chilicky*, 487 U.S. 412, 423-24 (1987) (holding that a plaintiff may not pursue a *Bivens* action for social security benefits).

In addition, the Social Security Administration is not a proper defendant. The United States enjoys sovereign immunity, which means that the federal government is immune from suit unless it expressly waives its immunity and consents to be sued. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940). Under the Social Security Act, the United States consents to suit against the Commissioner of Social Security by individuals requesting judicial review of the Commissioner's benefit determinations. 42 U.S.C. § 405(g). This consent does not extend to lawsuits against other federal employees of the Social Security Administration acting in their official capacities. *See Beeman v. Olson*, 828 F.2d 620, 621 (9th Cir. 1987); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Further, as indicated above, a plaintiff may not pursue a *Bivens* action for the denial of social

security benefits. See *Schweiker*, 487 U.S. at 423-24. Accordingly, the proper defendant is the current Commissioner of Social Security, Carolyn Colvin.

For these reasons, the complaint will be dismissed with leave to amend. Before filing an amended complaint, plaintiff should familiarize himself with 42 U.S.C. § 405, as well as with the regulations governing judicial review of decisions of the Commissioner of Social Security, set forth at 20 C.F.R. §§ 405.501, et. seq. Plaintiff is also encouraged to seek the services of an attorney knowledgeable in social security law. Plaintiff should be aware that an attorney who is successful in representing a claimant in a claim for past-due benefits in federal court may be entitled to recover attorney's fees. 42 U.S.C. § 406(b).

**IT IS THEREFORE ORDERED THAT**:

(1) Plaintiff's request to proceed *in forma pauperis* (#1) is **GRANTED**. The Clerk of the Court **SHALL FILE** the complaint (#1-1). Plaintiff shall be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

(2) Plaintiff's complaint (#1-1) is **DISMISSED WITH LEAVE TO AMEND** to address the deficiencies discussed in this order. Plaintiff is advised that pursuant to Local Rule 15-1, the amended complaint shall be complete in and of itself, without reference to the previous complaint. Plaintiff shall have **thirty (30) days** from the date of this order within which to file his first amended complaint remedying, if possible, the defects in the complaint explained above. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff is cautioned that if he fails to file a first amended complaint within the time period specified above, the court will issue a report and recommendation

that the matter be dismissed with prejudice. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and plaintiff shall place the case number, 3:13-cv-00513-HDM-VPC, above the words "FIRST AMENDED COMPLAINT."

DATED: February 7, 2014

_____
UNITED STATES MAGISTRATE JUDGE